RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE  10 / 26 / 16
BY    BM

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 16 CR 48 (02) |
|  | * | 18 U.S.C. §§ 242 |
|  | * | JUDGE |
| VERSUS | * | MAGISTRATE JUDGE |
|  | * |  |
| GERALD SAVOY | * |  |

## PLEA AGREEMENT

A.   INTRODUCTION

This document contains the complete plea agreement between the Government and GERALD SAVOY, the Defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the Defendant, an attorney for the Defendant, and an attorney for the Government. The terms of this plea agreement are only binding on the Defendant and the Government if the Court accepts the Defendant's guilty plea.

B.  THE DEFENDANT'S OBLIGATIONS

GERALD SAVOY shall plead guilty to Count 5 of the Second Superseding Indictment.

C.  THE GOVERNMENT'S OBLIGATIONS

1.  If the Defendant completely fulfills all of his obligations and agreements under this plea agreement, the Government agrees to dismiss Counts 1, 3, and 4 of the Second Superseding Indictment.

2.  The Government will move pursuant to U.S.S.G. § 3E1.1(b) for the Defendant to receive a one-point reduction in his offense level, if his offense level is 16 or greater and if the Defendant does not engage in any conduct before sentencing that is inconsistent with his acceptance of responsibility. The Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently, if the Defendant continues to demonstrate his acceptance of responsibility for his actions.

D.  SENTENCING

GERALD SAVOY understands and agrees that:

2

1. The maximum punishment for Count 5 of the Second Superseding Indictment is a term of imprisonment of not more than ten (10) years (pursuant to 18 U.S.C. § 242), or a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571), or both;

2. He shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court";

3. He may receive a term of Supervised Release of not more than three (3) years in length in addition to any term of imprisonment imposed by the Court;

4. A violation of any condition of Supervised Release at any time during the period of Supervised Release may result in the Defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5. The period of incarceration for a violation of a condition of Supervised Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of the Supervised Release the Defendant had successfully completed;

6. Any fine and/or restitution imposed as part of the Defendant's sentence will be made due and payable immediately and any federal income

tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

7. As part of the presentence investigation, the Government will make available to the Court any and all relevant evidence developed in the investigation of this case;

8. The Defendant waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous, or in bad faith;

9. In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court

proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings;

10. This case is governed by the Sentencing Reform Act, as modified by <u>United States v. Booker</u>, 543 U.S. 220 (2005). The Defendant has discussed the Sentencing Guidelines and their applicability with his counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

11. The sentencing judge alone will decide what sentence to impose; and

12. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E.  **SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT**

I have read this plea agreement and have discussed it fully with my client, GERALD SAVOY. It accurately and completely sets forth the entire plea agreement. I concur in GERALD SAVOY pleading guilty as set forth in this plea agreement.

Dated: 10/26/16

_____
RANDALL MCCANN

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 10/26/16

_____
GERALD SAVOY
Defendant

6

I accept and agree to this plea agreement on behalf of the United States of America.

STEPHANIE A. FINLEY
United States Attorney

Dated: 10/26/16

*/s/ Joe Jarzabek/mb*

JOE JARZABEK (LA Bar No. 07240)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618

Dated: 10/26/16

VANITA GUPTA
Principal Deputy Assistant Attorney General
U.S. Department of Justice

*/s/*

MARK BLUMBERG (Maryland Bar)
Senior Litigation Counsel
TONA BOYD (CA Bar No. 270975)
Trial Attorney
Criminal Section
Civil Rights Division
601 D St. NW
5th Floor
Washington D.C. 20579

7